UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONICA YOUNG,

      Plaintiff,

v.                              Case No: 2:23-cv-37-JLB-NPM

JOHNSON & JOHNSON and
DEPUY ORTHOPAEDICS, INC.,

      Defendants.

_____/

## ORDER

      Defendants have filed a motion to dismiss Plaintiff's second amended complaint (Doc. 88), to which Plaintiff has responded (Doc. 89), and Defendants have replied (Doc. 92).  For the reasons set forth below, Defendants' motion (Doc. 88) is **GRANTED in part**.

## BACKGROUND

      Plaintiff alleges in her second amended complaint ("SAC") that she suffered injuries arising from the use of Defendants' "Pinnacle Device," a metal-on-metal hip implant device, in total hip arthroplasty procedures she underwent in 2008.  (Doc. 86 at 2–3, 5–6, 11–24).  Plaintiff further alleges she underwent additional procedures to replace the devices in 2017.  (*Id.* at 17).  In her SAC, Plaintiff alleges six causes of action against Defendants: (i) negligence, (ii) strict liability–manufacturing defect; (iii) strict liability–design defect; (iv) negligent

misrepresentation; (v) breach of express warranty; and (vi) breach of implied warranty.  (*See id.* at 13–24).

Defendants have filed a motion to dismiss and present three arguments. (Doc. 88 at 4–11).  The Court addresses each argument in turn.

## DISCUSSION

### I.   In light of Plaintiff's concession, her two warranty-based causes of action are dismissed

Defendants contend that the breach of express warranty and breach of implied warranty claims should be dismissed because Plaintiff lacks privity with Defendants.  (Doc. 88 at 8–10).  In response, Plaintiff expressly "concedes that her claim for breach of express warranty and breach of implied warranty cannot be maintained because she lacks privity."  (Doc. 89 at 2).  Accordingly, Defendants' motion to dismiss is **GRANTED**, to the extent that the causes of action for breach of express warranty and breach of implied warranty are dismissed.

### II.   Plaintiff shall have <u>one final opportunity</u> to amend her complaint to address any commingled strict liability failure to warn claim from the "negligence" count

Defendants also argue that the SAC remains a "shotgun pleading" because it commingles "strict liability" failure to warn with the "negligence" cause of action. (Doc. 88 at 4–5 (citing Doc. 86 at ¶¶ 50–54)).  Plaintiff generally responds that her SAC is not a shotgun pleading, but she does not address Defendants' specific failure-to-warn argument.  (Doc. 89 at 2–4).  Defendants have therefore requested in reply that this Court "dismiss the still-deficient attempted claim for strict liability failure to warn" (Doc. 92 at 2–3) and do so with prejudice (*id.* at 1, 4).

The Court has reviewed the Plaintiff's SAC and agrees, at a minimum, that the allegations are confusing and appear to commingle claims. The Court reaches this conclusion based on the juxtaposition of Plaintiff's three complaints filed here.

The five paragraphs in the SAC to which Defendants point as commingling strict liability and negligence—paragraphs 50 and 54—appeared in the original complaint under the cause-of-action heading, "strict liability–failure to warn." (*Compare* Doc. 86 at ¶¶ 50–54, *with* Doc. 1 at ¶¶ 51–55). In the SAC, these paragraphs now appear under the "negligence" cause of action; the "strict liability-failure to warn" heading has been deleted. (*See* Doc. 86 at 13–17).[1] Without a response from the Plaintiff on Defendant's specific commingling argument, however, the Court cannot discern whether Plaintiff (i) intended to delete the "strict liability–failure to warn" cause of action in its entirety;[2] or (ii) has now, as Defendants assert, commingled the original "strict liability–failure to warn" claim within the "negligence" cause of action in the SAC (Doc. 88 at 4–5).[3]

---

[1] The SAC's paragraph 50, an incorporation paragraph, also now duplicates paragraph 40. (*See* Doc. 86 at ¶¶ 40, 50).

[2] At the preliminary pretrial conference, Plaintiff's counsel advised, "I can see the failure to warn is not going to work for us." (Doc. 88-1 at 17; *see* Doc. 88 at 3 (quoting Doc. 88-1)).

[3] At least one of the paragraphs at issue appears to allege <u>negligent</u> failure to warn. (*See* Doc. 86 at ¶ 52 (alleging failure to warn, where "Defendants knew or should have known that the Pinnacle Devices could fail early in patients and therefore given rise to physical injury . . ." and that "the Pinnacle Devices . . . were surgically implanted in a manner reasonably anticipated by Defendants"); *see also* Doc. 88 at 5–6 (citing Fla. Standard Jury Instr. (Civil) 403.10 (negligent failure to warn))). But Defendants contend that "Plaintiff also pleads a theory of <u>strict liability</u> failure to warn because the products were 'defective due to inadequate warnings' and based on the 'placement of the defective [products] into the stream of commerce[.]'" (Doc.

To ensure that there is no confusion and no commingling, the Court is providing Plaintiff <u>one final opportunity</u> to amend her complaint to eliminate any commingling of a strict liability failure to warn claim with the negligence count. Fed. R. Civ. P. 10(b); *see, e.g., Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) (reiterating that "separate, discrete causes of action should be plead in separate counts"). This third amended complaint should also remove any duplication (*see, e.g.,* n.1, *supra*) and, for ease of reference, number each cause of action asserted.

Accordingly, Defendants' motion to dismiss is **GRANTED in part**, to the extent that Plaintiff shall not commingle any strict failure to warn claim with the negligence count. Because it is possible that what remains in the SAC is a result of confusion, the Court is not dismissing any paragraphs with prejudice. Defendants may file a motion to dismiss to address any remaining commingling, along with any other arguments they choose to raise, in the third amended complaint.

### III.  The negligent misrepresentation claim is dismissed; any further pleading of this claim requires leave of the Court, which the Court will only consider through a proper motion

Defendants' final argument is that the SAC's negligent misrepresentation claim does not meet the particularity requirements of Federal Rule of Civil Procedure 9(b). (Doc. 88 at 6–7). Plaintiff agrees, conceding that "her cause of action for negligent misrepresentation is missing the time and place and the

---

88 at 5 (emphasis added); *see* Doc. 86 at ¶¶ 52–53). Given the drafting history, the Court appreciates Defendants' commingling concern and frustration.

manner of the (oral or written) representations made by the Defendants." (Doc. 89 at 5). Plaintiff summarily requests in her response that this Court permit the filing of a third amended complaint. (*Id.*) Defendants oppose that request and instead contend that the negligent misrepresentation claim should be dismissed with prejudice. (Doc. 92 at 3–4).

Although the Court is permitting Plaintiff to file a third amended complaint to address the confusion that arose with the SAC (*see* Discussion II, *supra*), the negligent misrepresentation claim is different. Indeed, it appears the negligent misrepresentation claim from the time of the original complaint (*see* Doc. 1 at 17–19) has not alleged the particularity requirements that Plaintiff now concedes she must meet (*see* Doc. 89 at 5). Moreover, Plaintiff's request to amend her complaint, set forth in one sentence in her response, does not constitute a proper motion for leave to amend. *See, e.g., Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.").

Accordingly, Defendants' motion to dismiss is **GRANTED in part**, to the extent that the negligent misrepresentation claim is dismissed. Any further pleading of this claim requires leave of the Court, which will only be considered through a proper motion. Any such motion must also address the timeliness of the proposed amendment. (*See, e.g.,* Doc. 88-1 at 15 (statement of Plaintiff's counsel "that we filed the amended complaint after the [MDL] order giving us a specific date

to file an amended complaint if we were going to" and "we did miss the date set by the MDL")).

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 88) is **GRANTED in part**.

**ORDERED** at Fort Myers, Florida on February 13, 2024

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE